# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-718

STATE OF LOUISIANA

VERSUS

SAMMIE WHITE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. IV-D 287
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**APPEAL DISMISSED AND REMANDED FOR CLARIFICATION.**

Ruby Norris Freeman
Assistant District Attorney
Post Office Drawer 1472
Alexandria, LA   71309
(318) 473-6650
COUNSEL FOR PLAINTIFF/APPELLEE:
     State  of Louisiana

Lauren Gay Coleman
Coleman & Henderson, LLC
5615-D Jackson Street, Suite B
Alexandria, LA   71303
(318) 449-9857
COUNSEL FOR DEFENDANT/APPELLEE:
     Sammie White

**J. Ogden Middleton, II**
**1412 Centre Court, Suite 403**
**Alexandria, LA   71301**
**(318) 443-4377**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Cathy L. Douglas**

**Sammie White**
**In Proper Person**
**416 McCaleb Road**
**Winnsboro, LA   71295**

AMY, Judge.

The plaintiff appeals the trial court's finding that the defendant overpaid his child support obligation, giving him credit for his overpayment. For the following reasons, we dismiss the appeal and remand for clarification of the judgment.

**Factual and Procedural Background**

Sammie White and Cathy L. Douglas were married, and two children were born of this union. The record shows that on July 3, 1995, Ms. Douglas was granted a protective order against Mr. White, which also awarded her $650.00 per month in child support. An income assignment order was issued on July 26, 1995 pursuant to La.R.S. 46:236.3. On September 28, 1995, the trial court determined that Mr. White owed an arrearage of $2,250.00.

Ms. Douglas asserts that the parties' divorce was finalized on March 11, 1999. On June 24, 1999, Mr. White was ordered to pay $225.00 per month in child support. In December 1999, the trial court found that the protective order dated July 3, 1995 had expired as a matter of law on January 3, 1996. Accordingly, the trial court terminated the income assignment order.

The State filed a Rule for Arrearage in August 2004. A hearing on the rule was held in December 2004. The hearing officer ascertained that Mr. White owed $18,625.50, which covers the period of July 3, 1995 to January 3, 1996 and June 7, 1999 through December 2004. The hearing officer concluded that during this time period, Mr. White paid $24,138.69. As a result, the hearing officer determined that there had been an overpayment by Mr. White in the amount of $5,513.19. Mr. White was given credit for his overpayment. The trial court signed the Hearing Officer's Findings and Recommendations, making them the Judgment of the Court.

**Discussion**

Ms. Douglas appeals and questions, in part, the determination that Mr. White overpaid his child support obligation in the amount of $5,513.19. She contends that the determination as to the overpayment results in Mr. White not being required to pay any child support until the children reach the age of majority in 2006 and 2007. She makes various other arguments regarding her entitlement to past due child support for the period from December 1999 until March 2004 and for future child support for any continuing obligation in 2005.

In reviewing this case, we have discovered that the judgment is sufficiently unclear so as to render this matter improperly before us on review. In *Jenkins v. Recovery Technology Investors*, 02-1788, pp.3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600, the first circuit observed that:

> While the judgment contains decretal language, it does not order the payment of money, and it does not identify the defendant who is cast in judgment. The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. *See Scott v. State of Louisiana*, 525 So.2d 689, 691 (La.App. 1st Cir.1988), *writ denied*, 558 So.2d 1128 (La.1990).

> A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364,365; *Davis v. Farm Fresh Food Supplier*, 2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

The judgment in the present case is insufficient for this court's review. In short, it is difficult to discern the hearing officer's finding and, through adoption, the trial court's finding. In written reasons, the hearing officer explained that the hearing

2

was held due to the State's rule to determine arrearage. This arrearage apparently arises from a June 24, 1999 order of child support. However, the hearing officer's ruling indicates that the entire course of Mr. White's child support obligation and related protective orders were considered. After setting forth the payment history, including the State's role in the matter as payment was made to the State beginning in 1995 and ending in 1999, the hearing officer explained that:

> The result of the comparison of what is owed by order of the court for child support and what has been paid voluntarily by the defendant, results in an overpayment by the defendant [in] the sum of $5,513.19.

> For the foregoing reasons, a recommendation for judgment recognizing an overpayment by the defendant in the amount of $5,513.19 is submitted, attached, and has been mailed by certified mail to the parties this the 10th day of February, 2004 [sic].

Furthermore, the Hearing Officer's Findings and Recommendations, adopted by the trial court and declared to be its final judgment, state merely that: "Def is not in arrears - overpay[ment] in the amount of $5,513.19." This language is merely a finding or an observation, not a judgment that is "precise, definite and certain." *Jenkins,* 858 So.2d at 600. There is no indication as to what relief is granted or denied. Certainly a ruling that would require repayment by the State is a different matter than one that would require the withholding of ongoing child support owed to Mr. White's children through the operation of La.Civ.Code art. 227. We note that, although the State filed the rule to establish arrearage, Ms. Douglas appears before this court as the appellant and the State has filed a brief in support of the hearing officer's ruling. Without a definite ruling from the lower court for review, the purported judgment does not constitute a final appealable judgment; therefore, this court lacks jurisdiction to review this matter. *See* La.Code Civ.P. arts. 1911 and 2083. Accordingly, we dismiss this appeal and remand this matter to the trial court

3

for reformation of the judgment and additional clarification of the record as necessary. In the event that an appropriate judgment is obtained, a new appeal may be filed at that time.

## DECREE

For the foregoing reasons, the appeal is dismissed and remanded. Costs of this proceeding are assigned to the appellant, Cathy L. Douglas.

**APPEAL DISMISSED AND REMANDED FOR CLARIFICATION.**