STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-0017

TIM WAGNER

VERSUS

INN OF LAKE CHARLES, ET AL.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-1158-H
HONORABLE RON WARE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

REVERSED, RENDERED, AND REMANDED.

Todd M. Ammons
Stockwell, Sievert, Viccellio, Clements
& Shaddock, L.L.P.
Post Office Box 2900
Lake Charles, LA 70602
(337) 436-9491
COUNSEL FOR PLAINTIFF/APPELLEE:
    Tim Wagner

**B. Wesley Pitts**
**Kevin L. Cole**
**Galloway, Johnson, Tompkins, Burr & Smith**
**#3 Sanctuary Boulevard, Suite 301**
**Mandeville, LA 70471**
**(985) 674-6680**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **USF Insurance Company**

PETERS, J.

This litigation arises from criminal acts perpetrated by an assailant against Tim Wagner at the Inn of Lake Charles on June 24, 2007. The matter is now before us because USF Insurance Company has appealed the trial court's grant of a summary judgment holding that a commercial liability insurance policy it issued to the owners of the Inn of Lake Charles provided liability coverage for Mr. Wagner's claims for damages. For the following reasons, we reverse the trial court judgment; render summary judgment in favor of USF Insurance Company, dismissing Mr. Wagner's claims against it; and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

The facts as they apply to the issues before us are not in dispute, and the issue to be determined on appeal is legal in nature. For the purposes of this appeal, we accept the trial court's recitation of the relevant facts as set out in its written reasons for judgment:

> During the early evening hours of June 24, 2007, Mr. Wagner answered a knock on the door of his hotel room at the Inn [of Lake Charles]. At the time, he was confronted by a male who, forcibly and without authorization, entered Mr. Wagner's room and severely beat him. The perpetrator also took several items of Mr. Wagner's personal property including a laptop computer, a wallet, several credit and debit cards, and a cellular phone.

> Hotel personnel did not find Mr. Wagner until the morning of June 25, 2007. Mr. Wagner was badly beaten and severely injured when police and emergency medical personnel arrived at the scene on the morning of June 25, 2007. A man suspected to be the perpetrator was later apprehended and charged with armed robbery, vagrancy, and attempted first degree murder.

On February 21, 2008, Mr. Wagner filed suit against the Inn of Lake Charles; Choice Hotels International, Inc.; Shri Krishna, L.L.C.; Shri Krishna, Inc.; and Ramesh Patel (hereinafter referred to collectively as the hotel defendants) for personal injuries and for the loss of his personal property. In his petition, Mr. Wagner asserted

that the hotel defendants filed to warn him of the dangers associated with the high crime rate on the premises, failed to protect him from or warn him of the known threat posed by the perpetrator's presence on the premises earlier in the day, and failed to provide adequate security to insure the safety of its patrons, including Mr. Wagner.

On May 15, 2008, Mr. Wagner amended his petition to add USF Insurance Company (USF) as a party defendant based on the fact that, at the time of the incident, USF had a general commercial liability policy in full force and effect covering the hotel defendants. In its answer to the petition, USF denied that its policy provided coverage for Mr. Wagner's claims.

The matter is now before us because Mr. Wagner filed a motion for summary judgment, asserting that the assault and battery exclusion found in USF's insurance policy does not apply in this case and seeking a ruling that "the policy of insurance issued by USF to the Inn of Lake Charles provides coverage for any injuries sustained by him as a result of the incident made the basis of this claim." USF responded to this motion by filing its own motion for summary judgment seeking to have Mr. Wagner's claims against it dismissed on the basis that the policy at issue did not provide coverage for his claims.

The trial court heard both motions for summary judgment on April 14, 2009, and rendered judgment on August 31, 2009, denying USF's motion for summary judgment and granting Mr. Wagner's motion for summary judgment, holding that USF's policy provided coverage for Mr. Wagner's claims against the hotel defendants.

USF perfected this appeal, asserting two assignments of error:

1.  The trial court erred when it granted summary judgment on coverage in favor of plaintiff in spite of the clear, unambiguous

2

language of the USF Insurance Company policy exclusions for (1) assault and battery, (2) intentional acts, and (3) damage to property of others exclusions.

2.    The trial court erred when it denied USF Insurance Company's motion for summary judgment on coverage when the Policy's clear and unambiguous assault and battery exclusion, intentional act exclusion, and "property of others" exclusion preclude coverage for plaintiff's damages arising out of an alleged assault and battery at the Motel.

## OPINION

This court reviews summary judgments de novo. *Supreme Serv. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634. A motion for summary judgment is properly granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; *Taylor v. Rowell*, 98-2895 (La. 5/18/99), 736 So.2d 812. There are no factual disputes in this motion for summary judgment, so we need only review whether the trial court was correct in holding that the policy issued by USF provides coverage for Mr. Wagner's claims against the hotel defendants.

### *Assignment of Error Number One*

The assault and battery exclusion in USF's insurance policy reads as follows:

X. ASSAULT AND BATTERY EXCLUSION

This insurance does not apply to Bodily Injury or Property Damage arising from:

1. Assault and Battery committed by any insured, any employee of any insured, or any other person;

2. The failure to suppress or prevent Assault and Battery by any person in A. above; or

3. Any Assault or Battery resulting from or allegedly related to the negligent hiring, supervision or training of any employee of the insured.

3

USF argues that the trial court erred when it found this language to be ambiguous and construed that ambiguity against USF. On the other hand, Mr. Wagner asserts that the language in this clause is ambiguous, arguing that the second and third paragraphs would not be necessary if the first paragraph were a broad, all-encompassing exclusion of any possible claims resulting from an assault and battery.

As insurance policies are contracts, they are interpreted pursuant to the rules of contract interpretation found in the Louisiana Civil Code. *Crabtree v. State Farm Ins. Co.*, 93-509 (La. 2/28/94), 632 So.2d 736. Interpreting a contract requires that the common intent of the parties be determined. La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. As the trial court correctly noted, ambiguous insurance policy provisions generally are to be construed against the insurer and in favor of coverage. La.Civ.Code art. 2056, *Carrier v. Reliance Ins. Co.*, 99-2573 (La. 4/11/00), 759 So.2d 37. An insurance policy is said to be ambiguous when the relevant provision can be reasonably construed in two different ways. *McCarthy v. Berman*, 95-1456 (La. 2/28/96), 668 So.2d 721. Our supreme court has held that "summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded." *Westerfield v. LaFleur*, 493 So.2d 600, 605 (La.1986).

Louisiana Civil Code Article 2050 provides that "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning

4

suggested by the contract as a whole." Thus, we must do more than consider only the first paragraph of the exclusion as suggested by Mr. Wagner.

We find that, when read in its entirety, the exclusion relied on by USF is not ambiguous. The first clause clearly establishes that USF is not obligating itself for any assault and battery by a non-owner or employee, as occurred in this case. The second clause precludes coverage for the insured's failure to suppress or prevent such an assault and battery, i.e., failure to warn, as alleged in this case. Finally, the third clause excludes coverage for negligent hiring, supervision, or training by the insured. While they may overlap to some extent, each of these three clauses precludes coverage for specific action or inaction by the insured. Together, they encompass all of Mr. Wagner's allegations against the hotel defendants.

We find that the trial court erred in rendering judgment finding that the USF policy provided insurance coverage for Mr. Wagner's claims.

### *Assignment of Error Number Two*

On appeal, USF also asserts that this court should reverse the trial court's denial of its motion for summary judgment, grant summary judgment in its favor, and dismiss it from this litigation. We agree. Mr. Wagner's only claims against USF are based on the commercial liability insurance policy it issued in favor of the hotel defendants. Because we have found that the assault and battery exclusion in this insurance policy specifically excludes all of Mr. Wagner's claims against the hotel defendants, he has no claim against USF, and the trial court erred in not granting USF summary judgment relief.

Normally, "[a]n appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." La.Code Civ.P. art. 968. However,

5

this court is both authorized and required to render a "judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. In circumstances similar to those before us, this court has granted an appellee's motion for summary judgment that had been rejected by the trial court when the record before us warranted our doing so. *See Boykin v. PPG Industries, Inc.*, 08-117 (La.App. 3 Cir. 6/18/08), 987 So.2d 838, *writ denied*, 08-1635, 08-1640 (La. 10/31/08), 994 So.2d 537; *Rashall v. Pennington*, 08-1 (La.App. 3 Cir. 4/30/08), 982 So.2d 301, *writ denied*, 08-1543 (La. 10/10/08), 993 So.2d 1286. Accordingly, we grant USF's motion for summary judgment and dismiss Mr. Wagner's claims against it.

**DISPOSITION**

We reverse the trial court's grant of summary judgment in favor of Tim Wagner finding that the policy issued by USF Insurance Company provided liability coverage for the injuries he sustained on June 24, 2007. Additionally, we reverse the trial court's denial of the summary judgment filed by USF Insurance Company and render judgment dismissing Tim Wagner's claims against USF Insurance Company. Finally, we assess all costs of this appeal to Tim Wagner. Because there remain unresolved claims before the trial court, we remand this matter to the trial court for further proceedings.

**REVERSED, RENDERED, AND REMANDED.**