DANIEL L. DYSART, Judge.
|! Cassandra Smith timely appealed from a summary judgment rendered on June 16, 2015. Upon inspection, this Court noted that the judgment from which the appeal is taken does not contain the proper decre-tal language to consider it a final appeal-able judgment[1]. Because we cannot exercise our appellate jurisdiction unless it has been properly invoked, this Court issued, sua sponte, a rule ordering the parties to show cause why this appeal should not be dismissed.
In response to the show cause order, appellant, Cassandra Smith, and appellee, the State of Louisiana, Department of Transportation and Development, individually informed the Court that the parties agreed to submit an amended judgment to the trial court, and would supplement the record with the amended judgment once signed. However, we cannot allow the record to be supplemented |2as such, despite the parties’ agreement to do so, as an amended judgment is an entirely new judgment, which must be appealed in due course according to the rules of procedure.
Thus, because the appeal as lodged does not contain a valid final judgment, this Court lacks jurisdiction to consider the merits of the appeal. Accordingly, the appeal is dismissed, without prejudice, and the matter is remanded to the trial court for further proceedings. Once a final ap-pealable judgment is rendered, a new appeal may be filed with this Court.
APPEAL DISMISSED, WITHOUT PREJUDICE; REMANDED
LOBRANO, J., concurs with reasons.

. "A final judgment shall be identified as such by appropriate language.” La.Code Civ. Proc. art, 1918. "A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.” Delta Staff Leasing, LLC v. South Coast Solar, LLC, 14-1328 (La.App. 4 Cir. 9/23/15), 176 So.3d 668; Bd. of Supervisors of La. State Univ. and Agric, and Mech. Coll. v. Mid City Holdings, L.L.C, 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908. This Court cannot determine the merits of an appeal until our jurisdiction is properly invoiced by a valid final judgment. See Input/Output Marine Sys., Inc. v. Wilson Great-batch, Technologies, Inc., 10-477, p. 12 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915.