STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-390

ROBERT CAILLIER

VERSUS

STRICTLY STARS TOURING;
DAWN HARRINGTON; I BOOK
STARS AGENCY, LLC; EARNEST
JOHNSON; AND NAYADIUS DEMUN
WILBURN ("FUTURE")

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 15-C-3202-C
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**********

BILLY H. EZELL

JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and John E. Conery, Judges.

APPEALS DISMISSED WITHOUT PREJUDICE.
REMANDED FOR FURTHER PROCEEDINGS.


Nadia de la Houssaye
Jones Walker LLP
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70502-3408
(337) 593-7600
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Epic Records, a Division of Sony Music Entertainment; and Nayadius
    Demun Wilburn ("Future")

I Book Stars Agency Touring
2360 Corporate Circle
Henderson, Nevada 899074
DEFENDANT:
    In Proper Person

**W. Glenn Soileau**
**Soileau & Soileau**
**Post Office Box 344**
**Breaux Bridge, Louisiana  70517**
**(337) 332-4561**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Robert Caillier**

**Strictly Stars Touring**
**520 Dunailie Drive**
**Nashville, Tennessee  37217**
**DEFENDANT:**
    **In Proper Person**

**EZELL, Judge.**

This court issued a rule ordering Appellants, Epic Records, a Division of Sony Music Entertainment (Epic), and Nayadius Demun Wilburn, a/k/a Future (Future), to show cause, by brief only, why their appeals should not be dismissed for having been taken from a partial judgment which has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B) and for lack of decretal language (*see State v. White*, 05-781 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144). For the reasons that follow, we dismiss the appeals without prejudice and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Robert Caillier (Caillier) filed a petition for damages naming the following parties as defendants: Strictly Stars Touring (Strictly Stars); Dawn Harrington (Harrington); I Book Stars Agency, LLC (I Book Stars); Earnest Johnson;[1] and Future. The petition alleged that Caillier booked Future to perform in Lafayette, Louisiana, on August 29, 2014. Future cancelled the performance a week or two before the agreed upon date. Caillier sought return of the part of the deposit that was not refunded ($12,500.00) and damages for breach of contract in the amount of $150,000.00.

After the defendants failed to answer or file responsive pleadings, Caillier moved for a preliminary default. The preliminary default was issued, and a hearing to confirm the default was held. After the trial court took the matter under advisement, a written judgment was signed on February 2, 2016.[2] The judgment found in favor of Caillier with respect to his claim for the unreturned deposit

---

[1] Earnest Johnson was not served.

[2] Notice of judgment issued February 12, 2016.

($12,500.00) and out-of-pocket expenditures ($16,000.00). The judgment ordered Strictly Stars, Harrington, I Book Stars, Future, and Epic[3] to pay those amounts to Caillier. The trial court made no finding that the defendants were jointly liable. The judgment does not mention whether the defendants are liable in equal amounts.[4]

With respect to Caillier's claim for lost profits, the trial court found that Caillier's "testimony alone was too speculative to support an award of lost profits" in the amount of $150,000.00. The judgment states that the claim for lost profits is "denied at this time."

Devolutive appeals were filed on behalf of Epic and Future. When the record was lodged in this court, a rule was issued ordering Epic and Future to show cause why their appeals should not be dismissed for the above-stated reasons.

## DISCUSSION

Louisiana Code of Civil Procedure Article 2083(A) states that "[a] final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814." Louisiana Code of Civil Procedure Article 1841 provides, in pertinent part, "[a] judgment that determines the merits in whole or in part is a final judgment." Appellants argue that these provisions lead to the inevitable conclusion that a confirmed default judgment is unambiguously a final judgment that is subject to an immediate appeal.

Appellants' reasoning is flawed. A default judgment can be a partial judgment when it does not dispose of all the claims made by the plaintiff. *See*

---

[3] The judgment orders Epic to pay, but Epic was not named as a defendant and was not mentioned in the trial court's written reasons for judgment except in a footnote which says that the certified mail receipt showing service on Epic was introduced into the record at the hearing.

[4] At the hearing to confirm the default, the trial court specifically stated that "if I'm going to give a judgment, I need to know who owes you what.

2

*Apartment Redevelopment Corp. v. Polkey*, 01-180 (La.App. 5 Cir. 10/17/01), 800 So.2d 968. In such a case, if the partial default judgment is not certified as a final judgment, any appeal must be dismissed as premature. *Id.*

The default judgment denies Caillier's claim for lost profits "at this time." This court finds that the inclusion of "at this time" makes the judgment a partial judgment because it suggests that the record is being held open and that the court might reverse its ruling as to lost profits if Caillier presented the necessary evidence to support the claim.

The motions for appeal claim that the trial court "entered a judgment declaring the [j]udgment to be a final, appealable [j]udgment." However, the record does not contain evidence that the judgment was designated as final by the trial court. The issuance of the rule to show cause gave Appellants an opportunity to supplement the record with the certification if one, in fact, existed. No supplement to the record was made, and Appellants do not mention this assertion in the brief submitted in response to the rule to show cause. Thus, this court cannot determine whether the claim that the trial court designated the judgment as final was a mere clerical error or a recognition by Appellants that there was some issue as to the finality of the judgment.

Louisiana Code of Civil Procedure Article 1915(B) provides that:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

3

However, La.Code Civ.P. art. "1915 does not provide for any exception to its applicability as to any particular case." *Seaman v. Seaman*, 10-1295, p. 4 (La.App. 3 Cir. 12/15/10), 54 So.3d 756, 759. However, "the jurisprudence has held that not all provisions in this statute are applicable in every instance." *Id*. Several cases have held that certain judgments are not subject to the requirements of La.Code Civ.P. art. 1915.[5]

In this instance, we find that the judgment at issue required a designation of finality from the trial court in order to be subject to immediate appeal. The concerns addressed in the cases cited in note 4 do not exist in this case. Moreover, there are several cases which hold that judgments of default that do not adjudicate all of the claims of the parties are subject to the provisions of La.Code Civ.P. art. 1915(B). *See Apartment Redevelopment Corp.*, 800 So.2d 968, *and Laviolette v. Dubose*, 07-916 (La.App. 5 Cir. 3/25/08), 983 So.2d 160.

The rule to show cause order also indicated that Appellants were to show cause, if there was any, why the appeal should not be dismissed as having been taken from a judgment lacking decretal language. Appellants do not address this issue in their brief which was submitted in response to the rule to show cause order.

---

[5] In *Rhodes v. Lewis*, 01-1989, p. 8 (La.5/14/02), 817 So.2d 64, 69, the Louisiana Supreme Court held "that an appeal from a determination of a workers' compensation hearing officer is impermissible under [La.Code Civ.P. art. 1915(A)(1)" because "[t]o hold otherwise would render meaningless the goals [of] the Workers' Compensation Act," including the goal of avoiding protracted appellate proceedings.

In *Seaman*, 54 So.3d at 759, this court held that "La.Code Civ.P. art. 1915(B) should not apply to a judgment as to custody or visitation.

In *Martinez v. Rivet*, 16-100, p. 5 (La.App. 3 Cir. 4/13/16), ___ So.3d ___, this court held that there was "no reason to delay the appeal of the partial summary judgment [in an eviction proceeding] for a determination of finality" because so doing "would lead to piecemeal appeals with the probability of inconsistent outcomes."

The jurisprudence is clear that "[a] final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Thomas v. Lafayette Parish Sch. System*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056, *quoting State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146.

In *Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910 (footnote added), the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment.[6] *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain.... [sic] The decree alone indicates the decision.... [sic] The result decreed must be spelled out in lucid, unmistakable language. .... [sic] The quality of definiteness is essential to a proper judgment. *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> . . . .
>
> "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, . . . 52 So.3d at 916.

While the judgment in this case clearly rules in favor of Caillier with respect to the return of the remainder of his deposit and out of pocket expenses, it casts five parties in judgment, i.e., Strictly Stars, Harrington, I Book Stars, Future, and Epic. The judgment does not set forth any determination as to whether the defendants are jointly or solidarily liable such that it is unknown what amount each

---

[6] In this case, Appellants filed motions for devolutive appeals on April 11, 2016. Notice of judgment was issued February 12, 2016. Therefore, this court cannot convert the appeals to applications for supervisory review because they were not filed within the thirty-day period pertinent to applications for supervisory writs. *See Duckering v. Rapides Healthcare System, LLC*, 15-049 (La.App. 3 Cir. 3/2/16), ___ So.3d ___, *and Favrot v. Favrot*, 10-986 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, *writ denied*, 11-636 (La. 5/6/11), 62 So.3d 127.

5

defendant is obligated to pay despite the trial court's recognition that "if I'm going to give a judgment, I need to know who owes you what.

Therefore, this default judgment "does not contain all of the necessary decretal language to meet the requirements of a final judgment." *Dietz v. Dietz*, 13-186, p. 8 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215, 1220. Accordingly, the appeals must be dismissed. When a final, appealable judgment is rendered, Appellants may file new appeals with this court. *See Smith v. State, Dept. of Transp. and Dev.*, 15-962 (La.App. 4 Cir. 2/17/16), 186 So.3d 1180.

## DECREE

For all the reasons given, this court lacks jurisdiction to consider the merits of these devolutive appeals. The devolutive appeals taken by Epic Records, a Division of Sony Music Entertainment (Epic), and Nayadius Demun Wilburn, a/k/a Future (Future), are dismissed as having been taken from a partial judgment that has not been designated immediately appealable pursuant to La.Code Civ.P. art. 1915(B) and for lack of decretal language (*see State v. White*, 05-781 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144). The dismissals are without prejudice. The matter is remanded to the trial court for further proceedings in accordance with this opinion.

**APPEALS DISMISSED. REMANDED FOR FURTHER PROCEEDINGS.**