NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 16-552

**KELLY MOUNT, ET AL.**

**VERSUS**

**CHRYSLER, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,429
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**

**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy H. Ezell, Judges.

**APPEAL DISMISSED AND REMANDED.**

W. Evan Plauche'
Kevin O. Larmann
Hailey, McNamara, Hall, Larmann & Papale, L.L.P.
One Galleria Boulevard, Suite 1400
Metairie, LA  70001
(504) 836-6500
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Acadiana Dodge, Inc.
    Granite State Insurance Company

**Michael C. Palmintier**
**Jonathan E. Mitchell**
**deGravelles, Palmintier, Holthaus & Fruge, L.L.P.**
**618 Main Street**
**Baton Rouge, LA 70801**
**(225) 344-3735**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Kelly Mount, individually and on behalf of her minor children, Robert Schitoskey and Justiss Ferrell**
     **Merthyr V. Mount on behalf of the minor children, Merthyr R. Mount, III; Colby L. Mount; and Jada M. Mount**

**THIBODEAUX, Chief Judge.**

This court issued a rule ordering the defendants/appellants, Acadiana Dodge, Inc., and Granite Insurance Company, to show cause, by brief only, why their appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144. For the reasons assigned, we dismiss the instant appeal and remand this matter to the trial court for further proceedings in accordance with this court's ruling.

This case arises out of a head on collision that occurred on December 3, 2007. The accident involved a truck driven by Merthyr R. Mount and owned and maintained by Acadiana Dodge, Inc. Kelly Mount was a passenger in the truck. The second vehicle, a cargo van owned by AT&T, was driven by Terry W. Grant. Both drivers were killed as a result of the accident, and Kelly Mount was injured.

Kelly Mount, individually and on behalf of her minor children, Robert Schitoskey and Justiss Ferrell, and Merthyr V. Mount, on behalf of the minor children, Merthyr R. Mount, III; Colby L. Mount; and Jada M. Mount, filed a petition for damages on December 8, 2008, naming seven defendants. During the litigation, two defendants, Acadian Dodge, Inc. (Acadiana), and Granite Insurance Company (Granite), filed a Motion for Partial Summary Judgment, seeking dismissal from the suit for lack of insurance coverage under Granite's policy. The plaintiffs subsequently filed a cross Motion for Partial Summary Judgment, asserting that Granite's policy provided coverage. Following a hearing held on May 29, 2015, the trial court denied the defendants' motion and granted the plaintiffs' motion.

The defendants filed a notice of intent to apply for supervisory writs from the trial court's May 29, 2015 oral rulings. Before this court ruled on the defendants' writ application, the trial court signed a written Judgment on June 23, 2015, which reads, in pertinent part:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment filed on behalf of Defendants, Acadiana Dodge, Inc., and Granite State Insurance Co., is hereby DENIED.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment filed on behalf of Plaintiffs, Kelly Mount, et al., is hereby GRANTED.

In *Johnson v. AIG Nat'l. Ins. Co.*, 15-645 (La.App. 3 Cir. 10/16/15) (unpublished decision), this court denied the defendants' writ application mentioned above as follows:

> **WRIT DENIED.** Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. The trial court denied the motion for summary judgment regarding insurance coverage that was filed by Relators, Acadiana Dodge and Granite State Insurance Company. The trial court also granted the cross-motion for partial summary judgment that was filed by Plaintiff, Kelly Mount.
>
> The ruling granting the motion for partial summary judgment filed by Plaintiff[s] constitutes a partial judgment under La.Code Civ.P. art. 1915(B). As such, Relators have adequate appellate remedy by regular appeal because they can request that the trial court designate that ruling as an appealable, final judgment. Should such a request be made, Relators should request that proper decretal language be included in the judgment. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055.
>
> With regards to the interlocutory ruling denying Relators' motion for summary judgment, we find that Relators also have an adequate appellate remedy because Relators can assign this ruling as error in the appeal from the judgment granting the cross-motion for partial summary judgment. In that regard, we note that this court has held that, although an interlocutory judgment is generally not appealable, an interlocutory judgment is subject to review as an assignment of error on appeal when an appealable judgment has been rendered in the case. *Wagner v. Inn of Lake Charles*, 10-0017 (La.App. 3 Cir. 11/3/10), 49 So.3d 592, *writ denied*, 11-0181 (La. 3/25/11),

2

61 So.3d 669. *See also Firemen's Pension and Relief Fund for the City of Lake Charles v. Boyer*, 420 So.2d 1323 (La.App. 3 Cir. 1983). Although Relators' writ application purportedly only addresses the denial of their motion for summary judgment, this court could not enter judgment granting Relators' motion without also reversing the trial court's judgment granting Plaintiff's [sic] motion.

For the foregoing reasons, we deny the instant writ application.

On November 5, 2015, the defendants filed a Motion to Designate Judgment as Partial Final Judgment for Purpose of Appeal Pursuant to La.C.C.P. art. 1915(B). The motion was granted following a hearing on January 11, 2016. On January 26, 2016, the trial court signed a written Judgment on Motion to Designate Judgment as Partial Final Judgment for Purposes of Appeal Pursuant to La.C.C.P. art. 1915(B), which reads, in pertinent part:

> [B]ecause there is no just reason for delay, the Judgment dated June 23, 2015, which both denied the Motion for Summary Judgment filed by Defendants' Acadiana Dodge, Inc. and Granite Insurance Company, and granted the Cross Motion for Partial Summary Judgment filed by Plaintiffs Kelly Mount, et al[.], on the issue of insurance coverage, is, as a whole, hereby designated as a final appealable judgment pursuant to La.C.C.P. art[.] 1915(B).

The defendants appealed the trial court's rulings, and the record was lodged in this court on June 30, 2016. This court issued a rule ordering the defendants-appellants to show cause, by brief only, why the appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144. Counsel for the defendants timely filed a brief admitting that the June 23, 2015 judgment lacks proper decretal language as it does not state the relief granted. In accordance with this court decision in *Castille v. Blum*, 15-65 (La.App. 3 Cir. 3/4/15) (unpublished opinion), and the cases cited therein, defense counsel requests that this court "remand the issue to the District Court for further proceedings in accordance with

3

this Court's rulings, i.e. that the District Court issue a proper appealable judgment specifying the relief granted as a result of its rulings on the Summary Judgment Motions."

In *Thomas v. Lafayette Parish School System*, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056, this court stated:

> "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146.

The judgment dated June 23, 2015, lacks proper decretal language. This court also advised the defendants of same in its October 16, 2015 denial of their writ application and suggested that the defendants should request that proper decretal language be included in the judgment. Therefore, we dismiss the instant appeal and remand the matter to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.