# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-587


**DEBRA BERGERON DUHON**

**VERSUS**

**PETRO "E" LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF VERMILION, NO. 88120
## HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Phyllis M. Keaty, Van H. Kyzar, and Candyce G. Perret, Judges.

> **APPEAL DISMISSED WITHOUT PREJUDICE.**
> **REMANDED FOR FURTHER PROCEEDINGS.**

William W. Goodell, Jr.
Goodell Law Firm
Post Office Box 52663
Lafayette, Louisiana  70505-2663
Counsel for Plaintiff:
 Debra Bergeron Duhon

Stephen B. Murray
Murray Law Firm
650 Poydras Street, Suite 2150
New Orleans, Louisiana  70130
Counsel for Plaintiff:
 Debra Bergeron Duhon

Michael G. Stag
Smith Stag, LLC
365 Canal Street, Suite 2850
New Orleans, Louisiana  70130
Counsel for Plaintiff:
 Debra Bergeron Duhon

**Barry J. Sallinger**
**Attorney at Law**
**Post Office Box 2433**
**Lafayette, Louisiana  70502-2433**
**Counsel for Plaintiff:**
     **Debra Bergeron Duhon**

**Elizabeth A. Roche**
**Burns Charest, LLP**
**365 Canal Street, Suite 1170**
**New Orleans, Louisiana  70130**
**Counsel for Plaintiff:**
     **Debra Bergeron Duhon**

**Stephen M. Larzelere**
**Larzelere Picou Wells Simpson Lonero, LLC**
**Two Lakeway Center, Suite 1100**
**3850 N. Causeway Boulevard.**
**Metairie, Louisiana 70002**
**Counsel for Defendant And Cross-Claimant:**
     **EnerQuest Oil & Gas, LLC**

**F. Barry Marionneaux**
**F. Barry Marrionneaux, APLC**
**23615 Railroad Avenue**
**Plaquemine, Louisiana  70764**
**Counsel for Defendant:**
     **Dow Chemical Company**

**Robert E. Kerrigan, Jr.**
**Deutsch Kerrigan, LLP**
**755 Magazine Street**
**New Orleans, Louisiana 70130-3672**
**Counsel for Defendant:**
     **Estis Well Service, Inc.**

**David M. Bienvenu, Jr.**
**Bienvenu, Bonnecase, Foco, Viator & Holinga, APLLC**
**4210 Bluebonnet Boulevard**
**Baton Rouge, Louisiana  70809**
**Counsel for Defendant:**
     **Dow Chemical Company**

**Charles R. Minyard**
**Attorney at Law**
**Post Office Box 3642**
**Lafayette, Louisiana  70502-3642**
**Counsel for Defendant:**
     **Apache Corporation**

**KEATY, Judge.**

This court issued a rule ordering Appellant, EnerQuest Oil & Gas, LLC (EnerQuest), to show cause, by brief only, why its appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144. For the reasons that follow, we dismiss the appeal without prejudice and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Debra Bergeron Duhon (Duhon) filed a petition for damages naming EnerQuest as a defendant. EnerQuest asserted a cross-claim against Estis Well Service, LLC (Estis). In response, Estis filed a motion for summary judgment seeking to have EnerQuest's claims against it dismissed. Following a hearing on the matter, the trial court granted Estis' motion for summary judgment and designated the judgment as final. However, the judgment did not dismiss EnerQuest's claims against Estis.

A devolutive appeal relative to the judgment on Estis' motion for summary judgment was filed on behalf of EnerQuest. When the record was lodged in this court, a rule was issued ordering EnerQuest to show cause why its appeal should not be dismissed for the above-stated reason.

## DISCUSSION

The rule to show cause order indicated that Appellant was to show cause, if there was any, why the appeal should not be dismissed as having been taken from a judgment lacking decretal language. Appellant concedes that the judgment "does not contain the following specific decretal language, 'and all claims asserted by EnerQuest Oil & Gas, LLC against Estis Well Service, Inc. are dismissed, with prejudice, and at EnerQuest's costs'" but "merely contains language confirming

that the Motion for Summary Judgment filed by Estis (in which it requested a dismissal of all claims asserted against it by EnerQuest) was granted."

The jurisprudence is clear that "[a] final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Thomas v. Lafayette Parish Sch. Sys.*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056 (quoting *White*, 921 So.2d at 1146).

In *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain. . . . The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language. . . . . The quality of definiteness is essential to a proper judgment. *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> . . . "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

While the judgment in this case clearly grants the motion for summary judgment filed by Estis, it does not state whether any or all of the claims of EnerQuest asserted against Estis are dismissed. Therefore, this judgment "does not contain all of the necessary decretal language to meet the requirements of a final judgment." *Dietz v. Dietz*, 13-186, p. 8 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215, 1220. Accordingly, the appeal must be dismissed. When a final judgment is rendered with the proper decretal language, Appellant may file a new appeal with

this court. *See Smith v. State, Dep't of Transp. & Dev.*, 15-962 (La.App. 4 Cir. 2/17/16), 186 So.3d 1180.

## DECREE

For all the reasons given, this court lacks jurisdiction to consider the merits of EnerQuest's appeal because it was taken from a judgment that lacks proper decretal language. Accordingly this appeal is dismissed without prejudice, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED WITHOUT PREJUDICE. REMANDED FOR FURTHER PROCEEDINGS.**