NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-419

NAKAYLA BRASSEAUX, ET AL.

VERSUS

STATE OF LOUISIANA, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80447
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, Elizabeth A. Pickett, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS AND TO SUPPLEMENT THE RECORD.**

**COOKS, J., dissents**. I disagree with the majority's finding that the trial court's judgment is ambiguous. To the contrary, I find that the judgment, as worded, clearly dismisses the hospital's motion for summary judgment, though at Plaintiff's cost. Therefore, I would dismiss the appeal as having been taken from a non-appealable, interlocutory ruling.

**Chester R. Cedars**
**Attorney at Law**
**Post Office Box 845**
**Breaux Bridge, LA 70517**
**(337) 394-2200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **St. Martin Parish Government**

**Irving Hirsch Koch**
**c/o J. Elliot Baker**
**321 N. Vermont St., Suite 208**
**Covington, LA 70433**
**(985) 867-9068**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana**

**D. Patrick Daniel, Jr.**
**Daniel & Associates**
**2409 Commerce St.**
**Houston, TX 77003**
**(713) 589-3539**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Nakayla Brasseaux**

**Caitlin Spieker**
**Leake & Anderson, LLP**
**1100 Poydras St, Ste 1700**
**New Orleans, LA 70163-1701**
**(504) 585-7500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Graco Children's Products, Inc.**

**Gary McGoffin**
**Attorney at Law**
**220 Heymann Boulevard**
**Lafayette, LA 70503**
**(337) 233-0300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Regional Health System of Acadiana, LLC**
    **d/b/a Women's and Children's Hospital, Inc.**

**AMY, Judge.**

This court, on its own motion, issued a rule for the Plaintiff-Appellant, Nakayla Brasseaux, individually and on behalf of her minor children, Braegan Brasseaux, Brailey Brasseaux, and Brinley Brasseaux, to show cause, by brief only, why her appeal should not be dismissed as having been taken from a judgment lacking proper decretal language because the judgment is sufficiently unclear to render the judgment improperly before this court, citing *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144. For the reasons assigned, we dismiss the appeal and remand the case for the signing of a new judgment which is sufficiently clear and for supplementation of this record.

This suit arises out of a vehicular accident. Plaintiff sued several defendants on various grounds. Pertinent to the instant appeal, Plaintiff sued Defendant-Appellee, Regional Health System of Acadiana, LLC d/b/a Women's & Children's Hospital. Plaintiff alleged that when they were transported to the hospital, the hospital disposed of the Graco car seat in which Brinley had been riding at the time of the accident. Since Plaintiff averred that the seat failed to restrain Brinley during the accident, resulting in Brinley sustaining damages, Plaintiff sued the hospital for interference with a civil claim and for spoliation of evidence.

The hospital filed a motion for summary judgment seeking dismissal of all claims advanced by Plaintiff against it. The trial court signed a written judgment on August 7, 2017, stating in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that the motion for summary judgment dismissing the claims of Nakayla Brasseaux, individually and on behalf of her minor child, Brinley Brasseaux, against Women's and Children's Hospital, be and hereby are **DISMISSED**, with prejudice, and with all costs assessed to Nakayla Brasseaux.

Plaintiff filed a motion for new trial and, in the alternative, a motion in limine. The trial court signed a written order on September 26, 2017, which denied the motion for new trial and set the motion in limine for contradictory hearing. Plaintiff then filed

a Notice of Appeal stating that she was appealing the ruling on the motion for summary judgment and the ruling denying her motion for new trial. Upon the lodging of the record in this appeal, this court issued the instant rule to show cause.

In her response to the rule, Plaintiff states, "Though the judgment appears to mistakenly dismiss [the hospital's] Motion for summary judgment, it is evident the judgment intends to dismiss Plaintiff's claims against [the hospital]." Plaintiff asks "this court look past the language unintentionally purporting to dismiss a motion for [sic] judgment, and find the judgment intended to dismiss Plaintiff's claims against [the hospital]." However, as an alternative prayer for relief, Plaintiff asks that if this court remands the case for a new judgment, that the court retain the record pending receipt of the new judgment.

"Without a definite ruling from the lower court for review, the purported judgment does not constitute a final appealable judgment; therefore, this court lacks jurisdiction to review this matter. *See* La.Code Civ.P. arts. 1911 and 2083." *State v. White*, 921 So.2d at 1147. Accordingly, in the instant case, we find that the ambiguity presented by the words of the appealed judgment render this court without jurisdiction to review this matter. Therefore, regardless of the reasoning set forth in Plaintiff's response to this court's rule, we find that we must dismiss this appeal and remand the matter to the trial court for entry of a new judgment which is not ambiguous. In the interest of judicial economy, however, as requested by the Plaintiff, this court will retain the record in this court pending receipt of a supplemental record containing the new final judgment to be rendered, if accomplished by September 7, 2018.

**APPEAL DISMISSED AND REMANDED WITH INSTRUCTIONS AND TO SUPPLEMENT THE RECORD.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.