NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-223

DEAN J. GUIDRY, SR.

VERSUS

ST. MARTIN PARISH SCHOOL BOARD, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 85946
HONORABLE SUZANNE M. deMAHY, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and Van H. Kyzar, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE; CASE REMANDED
FOR FURTHER PROCEEDINGS.

Allan Leland Durand
Attorney at Law
235 La Rue France
Lafayette, Louisiana 70508
(337) 237-8501
COUNSEL FOR DEFENDANT/APPELLEE:
    James B. Bulliard, Jr.

**Dean Joseph Guidry**
**Attorney at Law**
**Post Office Box 5255**
**Lafayette, Louisiana 70502**
**(337) 266-2250**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dean J. Guidry, Sr.**

**Jerry Lee Mallet**
**Jerry L. Mallet, LLC.**
**1030 Lafayette St.**
**Lafayette, Louisiana 70502**
**(337) 593-0910**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sherbin Collette**

**Mark D. Boyer**
**Boyer, Hebert, Abels & Angelle**
**401 E. Mills Ave.**
**Breaux Bridge, Louisiana 70517**
**(337) 332-0616**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **St. Martin Parish School Board**

**CONERY, Judge.**

This court, *ex proprio motu*, issued a rule for Plaintiff-Appellant, Dean Guidry, Sr., to show cause, by brief only, why the appeal in this case should not be dismissed as having been taken from a judgment lacking proper decretal language. No response has been filed by Mr. Guidry. For the reasons assigned herein, we dismiss the appeal without prejudice and remand this case for further proceedings in accordance with this court's ruling.

Mr. Guidry instituted this action with the filing of his Petition for Writ of Mandamus, naming as defendants the St. Martin Parish School Board and its superintendent, Dr. Lottie Beebe. In response to the action, the school board and its superintendent filed various exceptions including an exception of unauthorized use of summary proceeding. The trial court granted the exception of unauthorized use of summary proceeding and recognized on its own nonjoinder of parties under La.Code Civ.P. arts. 641 and 642. The trial court ordered Mr. Guidry to amend his petition to convert the action to an ordinary suit and to join the additional parties needed for his action.

Thereafter, Mr. Guidry filed his First Amending and Supplemental Petition for Mandamus, Injunctive Relief and Declaratory Judgment, naming the additional defendants James B. Bulliard, Jr.; Gillray Patin; and Sherbin Collette. Mr. Guidry averred that the school board had either expressly or de facto granted exclusive hunting rights on Sixteenth Section Land to certain individuals without complying with the Louisiana Public Bid Laws. He also asserted that some of the individuals granted these exclusive hunting rights, or those acting at their direction, had attempted to maintain their exclusive rights through intimidation and assault on others. By his suit Mr. Guidry seeks to have any such leases declared null and void, in addition to other relief.

Mr. Collette filed an answer to the amended petition and included a reconventional demand against Mr. Guidry. Mr. Bulliard filed an exception of no right of action and filed a pleading styled as a "Rule for Summary Judgment." The school board and its superintendent filed an answer and exceptions to the amended petition. Mr. Guidry also filed an answer to Mr. Collette's reconventional demand.

In Mr. Bulliard's pleading seeking summary judgment, he writes that there is no issue of genuine fact as to the lawfulness of his lease with the school board. Thus, Mr. Bulliard concludes by asserting that he "is entitled to summary judgment as a matter of law dismissing all claims by Plaintiff against him." A hearing was held before the trial court on March 29, 2018.

The trial court signed a written judgment on March 29, 2018, granting summary judgment. The opening paragraph of the judgment states that the matter was before the court on a "Motion for Summary Judgement and Exception for No Right of Action filed on behalf of James Buillard [sic], Jr.." After noting that Mr. Bulliard had withdrawn his "Exceptions", the trial court entered the following disposition (emphasis in original):

> IT IS ORDERED, ADJUDGED AND DECREED that the defendant's Motion for Summary Judgment is granted because Louisiana Revised Statute 41:1212 states that whenever the school board in St. Martin Parish leases any sixteenth section lands … for the agricultural purpose…, it shall **not** be required to advertise for and receive bids … for other leases. The Court finds that the St. Martin Parish School Board extended hunting privileges/lease appropriately to James Buillard [sic], Jr. for the Catahoula property under La. R.S. 41:1212.

Mr. Guidry filed a motion to appeal this judgment, and the trial court granted the order of appeal. Upon the lodging of the record in this appeal, this court issued the subject rule to show cause based on the ambiguity in the language of the judgment appealed.

In *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146, this court wrote:

2

In reviewing this case, we have discovered that the judgment is sufficiently unclear so as to render this matter improperly before us on review. In *Jenkins v. Recovery Technology Investors*, 02-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600, the first circuit observed that:

> While the judgment contains decretal language, it does not order the payment of money, and it does not identify the defendant who is cast in judgment. The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. *See Scott v. State of Louisiana*, 525 So.2d 689, 691 (La.App. 1st Cir.1988), *writ denied*, 558 So.2d 1128 (La.1990).

> A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; *Davis v. Farm Fresh Food Supplier*, 2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

In the instant appeal, the judgment appealed begins by indicating that the trial court was considering a motion for summary judgment filed by one defendant, Mr. Bulliard. However, the judgment does not dismiss any party from this suit. Instead, the judgment does clearly declare that the lease to Mr. Bulliard is valid pursuant to law. If the trial court's ruling renders judgment as to only this issue, then the judgment falls under the provisions of La.Code Civ.P. art. 966(E) and La.Code Civ.P. art. 1915(B) and must be designated final and appealable before it is ripe for appeal. *See also* La.Code Civ.P. art. 1915(A)(5). If, however, the judgment had dismissed Mr. Bulliard from the suit, then the judgment would be immediately appealable pursuant to La.Code Civ.P. art. 1915(A)(1).

The trial court's ruling states, "the defendant's Motion for Summary Judgment is granted[.]" However, as quoted above, Mr. Bulliard had asked that all claims against him be dismissed in his "Rule for Summary Judgment." This court further

observes, though, that reference to extrinsic documents is not permitted for discerning the intent of a judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc.*, 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916 (stating, "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.") Absent a definite ruling, "the purported judgment does not constitute a final appealable judgment [and], therefore, this court lacks jurisdiction to review this matter." *White*, 921 So.2d at 1147.

## DECREE

As it is not determinable from the judgment whether any party is dismissed and reference may not be made to extrinsic sources such as pleadings, this appeal is dismissed without prejudice due to the lack of proper decretal language. In the interest of judicial economy, the record may remain lodged in this court, the final judgment on remand shall be added to supplement this record within thirty (30) days of this ruling, and the matter will be docketed at that time.

**APPEAL DISMISSED WITHOUT PREJUDICE; CASE REMANDED FOR FURTHER PROCEEDINGS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.