STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-972

DIONISIO GONZALEZ, ET AL.

VERSUS

CAREY LESHAWN JIMMERSON,
ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 79979
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED FOR FURTHER PROCEEDINGS.

H. Glenn Marcantel, Jr.
Post Office Box 1968
Opelousas, Louisiana  70571
Counsel for Plaintiff/Appellant:
        Gregorio Gonzalez

Kraig Thomas Strenge
515 W. University Avenue
Lafayette, Louisiana  70502-2292
Counsel for Defendants/Appellees:
        Carey LaShawn Jimmerson;
        Process Piping Materials, Inc.; and
        United Fire & Casualty Company

**COOKS, Judge.**

This court issued a rule ordering Appellant, Gregorio Gonzalez, to show cause, by brief only, why his appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144. For the reasons that follow, we dismiss the appeal without prejudice and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2013, Dionisio Gonzalez (Dionisio), filed a petition for damages naming Carey LaShawn Jimmerson (Jimmerson); Process Piping Materials, Inc. (Process Piping); and United Fire & Casualty Company (United) as Defendants. On or about May 20, 2013, a first supplemental and amending petition was filed to add Gregorio Gonzalez (Gregorio) as a plaintiff. The suit arose out of an automobile accident that occurred on or about March 29, 2012. Dionisio was driving a vehicle in which Gregorio was a passenger when the vehicle was allegedly struck on its rear bumper by a truck with a gooseneck trailer attached. That truck was driven by Jimmerson, owned by Process Piping, and insured by United.

Dionisio settled all of his claims, and said claims were dismissed by a motion and order of partial dismissal signed on October 19, 2015. Thereafter, Defendants filed an exception of prescription as to Gregorio's claims. The exception was heard and taken under advisement. On July 13, 2016, the trial court issued written reasons for judgment and granted the exception based on a finding that Gregorio's petition did not relate back to the original petition filed by Dionisio. A judgment sustaining the exception was signed on July 13, 2016. The

judgment also assessed costs against Gregorio. However, the judgment did not dismiss Gregorio's claims against Defendants.

Gregorio filed a motion for devolutive appeal. Defendants filed a motion to dismiss the appeal based on Gregorio's alleged failure to pay the estimated costs to prepare the record. Gregorio then obtained an order to proceed in forma pauperis.

When the record was lodged in this court, a rule was issued ordering Gregorio to show cause why his appeal should not be dismissed for the above-stated reason.

## DISCUSSION

The rule to show cause order indicated that Gregorio was to show cause, if there was any, why the appeal should not be dismissed as having been taken from a judgment lacking decretal language. Appellant contends that a judgment sustaining an exception of prescription is a final appealable judgment and cites *Estate of Patout v. City of New Iberia*, 01-151 (La.App. 3 Cir. 6/27/01), 791 So.2d 741, for that contention. Appellant goes on to assert that the judgment at issue meets the requirements of *Thomas v. Lafayette Parish Sch. Sys.*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056, because "Judge Landry's judgment dismissed Gregorio Gonzalez's case in its entirety on the ground that, as per her Reasons for Judgment, it was not timely filed, did not relate back to the originally filed petition of Dionisio Gonzalez, and is therefore prescribed."

The jurisprudence is clear that "[a] final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Thomas,* 128 So.3d at 1056 (quoting *White*, 921 So.2d at 1146).

2

In *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain. . . . The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language. . . . . The quality of definiteness is essential to a proper judgment. *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> . . . "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

The judgment rendered in the present case reads as follows (emphasis in original):

> **IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' *Peremptory Exception of Prescription* is **SUSTAINED**.
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff, Gregorio Gonzalez, is assessed with the costs of these proceedings.

While the judgment in this case clearly sustains the exception of prescription filed by Defendants, it does not state whether any or all of the claims of Gregorio are dismissed. Therefore, this judgment "does not contain all of the necessary decretal language to meet the requirements of a final judgment." *Dietz v. Dietz*, 13-186, p. 8 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215, 1220. Accordingly, the appeal must be dismissed. When a final judgment is rendered with the proper decretal language, Gregorio may file a new appeal with this court. *See Smith v. State, Dep't of Transp. & Dev.*, 15-962 (La.App. 4 Cir. 2/17/16), 186 So.3d 1180.

3

## DECREE

For all the reasons given, this court lacks jurisdiction to consider the merits of Gregorio's appeal because it was taken from a judgment that lacks proper decretal language. Accordingly this appeal is dismissed without prejudice, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED WITHOUT PREJUDICE. REMANDED FOR FURTHER PROCEEDINGS.**