NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-480

DIONISIO GONZALEZ, ET AL.

VERSUS

CAREY LESHAWN JIMMERSON, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 79979
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret,
Judges.

AFFIRMED.

Herschel Glenn Marcantel, Jr.
Attorney at Law
P.O. Box 1968
Opelousas, LA 70571
(337) 948-0549
COUNSEL FOR PLAINTIFF-APPELLANT:
    Gregorio Gonzalez

**Kraig Thomas Strenge**
**Attorney at Law**
**P.O. Box 52292**
**Lafayette, LA 70502**
**(337) 261-9722**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
**Carey LeShawn Jimmerson**
**Process Piping Materials, Inc.**
**United Fire and Casualty Co.**

**PICKETT, Judge.**

Gregorio Gonzalez appeals the judgment of the trial court granting an exception of prescription filed on behalf of the defendants in this matter, Carey Leshawn Jimmerson, Process Piping Materials, and United Fire & Casualty Company (collectively "the defendants") and dismissing his claims against the defendants with prejudice.

## FACTS

On March 29, 2012, a truck driven by Dionisio Gonzalez was involved in a collision with a truck driven by Mr. Jimmerson. The vehicle driven by Mr. Jimmerson was owned by Process Piping Materials and insured by United Fire & Casualty Company. Dionisio timely filed a Petition for Damages on February 21, 2013. After the defendants answered the petition denying the claims of Dionisio, a Supplemental and Amending Petition was filed on May 20, 2013, adding Gregorio Gonzalez, who was a passenger in the truck driven by Dionisio at the time of the accident. The defendants filed a Peremptory Exception of Prescription, claiming that the May 20, 2013 amendment adding Gregorio was filed more than one year after the accident, and was thus prescribed. Gregorio countered that his claims were timely because they related back to the filing of the petition filed by Dionisio pursuant to La.Code Civ.P. art. 1153 and the supreme court's decisions in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983) and *Giroir v. S. La. Med. Ctr., Div. of Hosps.*, 475 So.2d 1040 (La.1985). After a hearing on September 9, 2013, the trial court denied the defendant's exception of prescription on September 20, 2013.

Discovery proceeded, and both Dionisio and Gregorio were deposed. Dionisio settled his claims with the defendants and was dismissed from the case pursuant to an Order for Partial Dismissal executed on October 19, 2015. The defendants then re-urged their Peremptory Exception of Prescription to defeat

Gregorio's claims, alleging that the deposition testimony of Dionisio and Gregorio shows that they are not related, despite their common surname, and alleging Gregorio failed to meet the third prong of the four-part test set forth by the supreme court in *Giroir*.

The trial court held a hearing on the exception of prescription on May 9, 2016. The trial court issued a judgment sustaining the defendants' exception of prescription on July 13, 2016. In written reasons, the trial court found the issue herein identical to the question posed in *Delmore v. Hebert*, 99-2061 (La.App. 3 Cir. 9/22/00), 768 So.2d 251. Gregorio appealed the judgment of the trial court. The defendants filed a motion to dismiss Gregorio's appeal for Gregorio's failure to pay costs, at which point Gregorio obtained an order to proceed in forma pauperis.

This court then issued a rule to show cause why the appeal should not be dismissed because the judgment failed to include proper decretal language. On December 16, 2017, this court found the judgment issued by the trial court did not dismiss any of the claims of Gregorio. *Gonzalez v. Jimmerson*, 17-972 (La.App. 3 Cir. 12/16/17), 258 So.3d 8. Thus, the judgment lacked decretal language and this court dismissed the appeal and remanded the case to the trial court for issuance of a judgment containing proper decretal language. The trial court issued an amended judgment on January 11, 2018, which dismissed the claims of Gregorio. This appeal followed.

## ASSIGNMENT OF ERROR

The plaintiff-appellant, Gregorio Gonzalez, asserts one assignment of error:

Whether the Trial Court's Amended Judgment dated January 11, 2018, sustaining Defendants' Peremptory Exception of Prescription and dismissing his claims is proper.

2

## DISCUSSION

We explained the burden of proof in a peremptory exception of prescription and the appellate standard of review of a trial court judgment granting an exception of prescription in *OMNI Energy Servs. Corp. v. Rhyne*, 14-322, pp. 6-7 (La.App. 3 Cir. 10/15/14), 149 So.3d 1282, 1288:

> The burden of proof on the peremptory exception of prescription lies with the party raising the exception. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. However, if it is apparent from the face of the pleadings that the plaintiff's claims have prescribed, the burden shifts to the plaintiff to show otherwise. *Id.* Appellate courts review the peremptory exception of prescription pursuant to the manifest error standard of review if evidence, either supporting or contradicting, is presented at the hearing on the exception. *In re Succ. of Cole*, 12-802 (La.App. 3 Cir. 12/26/12), 108 So.3d 240. If no evidence is presented, appellate courts decide whether the finding of the trial court is legally correct or incorrect. *Id.*

The accident at question in this case occurred on March 29, 2012. Gregorio's claims against the defendants were first raised in an amended petition dated May 20, 2013. The prescriptive period for bringing a delictual action is one year. La.Civ.Code art. 3492. Thus, Gregorio's claims are prescribed on the face of the pleadings, and he bears the burden of proving that his claims are still viable.

Gregorio argues first that his claims are not prescribed because the Supplemental and Amending Petition filed to add him as a plaintiff is actually an incidental demand, which is governed by La.Code Civ.P. art. 1041, which states:

> An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

3

There are four types of incidental demands: reconvention, cross-claim, intervention, and the demand against third parties. La.Code Civ.P. art. 1031(B). The claims filed by Gregorio clearly cannot be described as a reconventional demand (*See* La.Code Civ.P. art. 1061), a cross-claim (*See* La.Code Civ.P. art. 1071), or a demand against a third party (*See* La.Code Civ.P. art. 1111). Gregorio argues the Supplemental and Amending Petition adding him as a plaintiff is actually an intervention, which is defined at La.Code Civ.P. art. 1091:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
>
> > (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
> >
> > (2) Uniting with defendant in resisting the plaintiff's demand; or
> >
> > (3) Opposing both plaintiff and defendant.

We find no merit in this argument.

> One who possesses a justiciable right related to or connected with the object of a pending action may intervene therein to enforce that right. La.C.C.P. art. 1091. A right to seek redress or remedy against any party to the original lawsuit constitutes a "justiciable right" sufficient to support intervention. *Amoco Prod. Co. v. Columbia Gas Trans. Corp.,* 455 So.2d 1260, 1264 (La.App. 4 Cir.), *writs denied,* 459 So.2d 542, 543 (La.1984). . . .
>
> However, the intervenor must also possess an interest in the outcome of the pending action. *Bellow v. New York Fire & Marine Underwriters, Inc.,* 215 So.2d 350, 354 (La.App. 3 Cir.1968). His claim must be so related or connected to the facts or object of the principal action that a judgment on the principal action will impact directly on his rights. *Amoco,* 455 So.2d at 1264.

*Sawtelle v. Am. Nat. Agents Ins. Grp.*, 94-1091, p. 2 (La. App. 3 Cir. 3/1/95), 651 So. 2d 456, 457–58. In this case, Gregorio's claim is not dependent on a judgment rendered in the principal action asserted by Dionisio. It is a wholly separate cause of action, as evidenced by the fact that settlement of Dionisio's claims and

4

dismissal of his suit against the defendants do not affect Gregorio's cause of action. Therefore, the Supplemental and Amending Petition cannot be considered an intervention for the purpose of increasing the prescriptive period as provided in La.Code Civ.P. art. 1041.

Gregorio alternatively argues that the claims in his amended petition relate back to the date of the filing of Dionisio's original petition pursuant to La.Code Civ.P. art. 1153. "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La.Code Civ.P. art. 1153. The supreme court, in *Giroir*, 475 So.2d 1040, 1044, set forth the following four factors for courts to determine if a new claim relates back for the purposes of prescription:

> [A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.

In this case, the defendants concede that Gregorio's amended claim arises out of the same occurrence set forth in Dionisio's original petition. The insurance claims adjuster for United Fire knew that Gregorio claimed injuries in the accident as early as May 2012. The defendants do not allege that they will be prejudiced in preparing or conducting their defense. The only factor contested between the parties, then, is the third factor, whether "the new and old plaintiffs are sufficiently related so that the added [] party is not wholly new or unrelated."

The trial court relied on *Delmore*, 768 So.2d 251, to find that Gregorio's claims were not sufficiently related to Dionisio's claim. In *Delmore*, a passenger

5

in a vehicle timely sued several defendants after a car wreck that occurred on January 3, 1998. On January 26, 1998, the passenger's niece, another passenger in the same vehicle, was added as a plaintiff asserting her own claims against the defendants. The defendants filed a peremptory exception of prescription. The first circuit affirmed the judgment of the trial court sustaining the exception of prescription. The court found that *Giroir*, 475 So.2d 1040, limited the family relationships contemplated by the third factor to husband-wife and parent-child because of the unique legal relationships that follow from those relationships. The court specifically found no legal relationship between fellow guest passengers. Further, the court stated:

> A closer look at *Giroir* and its progeny also reveals that the third *Giroir* element was deemed satisfied when the amendment involved a cause of action arising from, or dependent upon, a common tort victim, common to the original and added plaintiff. In other words, the successful added plaintiffs had *divergent* claims stemming from a common root, namely the same tort victim. Unlike wrongful death or survival actions, or even a *Farber*[*v. United States Fid. & Guar. Ins. Co.,* 561 So.2d 951 (La.App. 4 Cir.1990)] situation, there is no common tort victim in the instant case upon which both the original and added plaintiffs base their claims.
>
> Thus, [the niece's] position is distinguished from most other post-prescription plaintiffs who met the third *Giroir* criterion because she is a direct tort victim. [The niece] has a separate but *parallel*—not divergent—cause of action, which is unique to herself and not contingent upon the death or injury of another. [The niece's] direct and simultaneous involvement in a tort arising from the same occurrence as the original plaintiff's pleading substantially differentiates her from *Giroir* and supporting jurisprudence.

*Delmore*, 768 So.2d at 255 (emphasis in original). The defendants point out that the deposition testimony of Dionisio and Gregorio proves that they are not relatives of each other, though they share the same last name. Thus, there is not even the familial relationship in this case that existed in *Delmore*.

Gregorio argues that the trial court was wrong to rely on *Delmore*, correctly pointing out that a case from the first circuit is not controlling. Instead, he argues

that this court should find this case similar to *Small v. Baloise Ins. Co. of Am.*, 96-2484, 96-2485 (La.App. 4 Cir. 3/18/98), 753 So.2d 234, *writ denied*, 98-1345 (La. 7/2/98), 724 So.2d 733. In *Small*, an art gallery owner sued the owner of her building when the toilet in the apartment above her studio flooded and caused water damage to paintings. The paintings were on consignment, and after the prescriptive period had run, the artist was added as a plaintiff in an amended petition. The court found the consignment contract created a sufficient relationship between the gallery owner and the artist to satisfy the third prong of the *Giroir* test because the damages to the paintings were common between them.

In this case, as in *Delmore*, the damages claimed by Gregorio are distinct from the damages claimed by Dionisio. Thus, this case is clearly distinguishable from *Small*.

Gregorio further cites this court's opinion in *Calbert v. Batiste*, 09-514 (La.App. 3 Cir. 11/4/09), 23 So.3d 1031, *reversed*, 09-2647 (La. 3/12/10), 29 So.3d 1240, *and*, 09-2646 (La. 3/12/10), 31 So.3d 332. In that case, the decedent's wife filed a wrongful death suit after her husband was killed in a car wreck. After prescription had run, the decedent's son from a previous marriage intervened to file a wrongful death and survival action against the same defendants. This court found that the factors from *Giroir* could be used to consider whether the son's claims in intervention related back to the filing of the wife's petition. This court found that the intervention did relate back as to the wrongful death claim, but the survival action was a different claim that would not relate back. The supreme court, though, reversed the judgment of this court, on the basis that the trial court should have granted an exception of *lis pendens*. We note that not only has this court's opinion been abrogated, but also the rationale of this court is more akin to those cases where a special relationship exists, namely the father-son and husband-

wife relationship. Further, *Calbert* involved an intervention, which, as we have mentioned, is governed by a different statute. The supreme court specifically abrogated this court's opinion in *Calbert*, emphasizing that a different statute applied in *Stenson v. City of Oberlin*, 10-826, p. 13 (La. 3/15/11), 60 So.3d 1205, 1214, stating "[W]e find that applying Article 1153 and the factors enunciated in *Giroir* to petitions seeking to intervene in the main demand would expand Article 1153 beyond the scope intended by the legislature."

We find no merit in the assignment of error raised by Gregorio.

## CONCLUSION

The judgment of the trial court sustaining the defendants' exception of prescription is affirmed. Costs of this appeal are assessed to Gregorio Gonzalez.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.