NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-396

JEFFERSON D. CAFFERY, JR.

VERSUS

BOBBIE MCGOLDRICK PISAURO
AND GREGORY JOHANNON HEBERT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER C-20184308, DIVISION D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

APPEAL DISMISSED.
REMANDED FOR FURTHER PROCEEDINGS.

James P. Doherty, III
Katherine E. Currie
Becker & Hebert, LLC
201 Rue Beauregard
Lafayette, Louisiana 70508
(337) 233-1987
Counsel for Plaintiff/Appellant:
    Jefferson D. Caffery, Jr.

**Carl J. Castille**
**100 Beauvais Avenue, Suite C-5**
**Lafayette, Louisiana 70507**
**(337) 534-4781**
**Counsel for Defendants/Appellants:**
**Bobbie McGoldrick Pisauro and**
**Gregory Johannon Hebert**

**PICKETT, Judge.**

Plaintiff/Appellant, Jefferson D. Caffery, Jr. (Caffery), seeks to appeal the November 8, 2018 judgment granting the exception of prescription filed by Defendants/Appellees, Bobbie McGoldrick Pisauro (Pisauro) and Gregory Johannon Hebert (Hebert), with respect to Caffery's possessory action as it related to the installment of a satellite dish on the property subject to the dispute in this matter by one of the defendants.

## FACTS AND PROCEDURAL HISTORY

Caffery and Pisauro own property sharing a common boundary line. Hebert leases the property owned by Pisauro. Caffery filed a "Petition for Breach of Peaceful Possession, for Restoration of Possession[,] and for Predial Servitude" that named Pisauro and Hebert as defendants. Caffery contends that he believed that he was the owner of a certain "grassy" strip and that he has used and maintained it, along with a fence and concrete slab that encroach over the boundary line, as owner. He filed the petition after Pisauro and/or Hebert installed a satellite dish on the grassy strip. He alleges that after the installation of the satellite dish, Pisauro and/or Hebert have parked vehicles on the grassy strip, have erected unsightly structures thereon, and have continued to disturb his possession of the grassy strip, the concrete slab, and the area enclosed by the fence. In response to the petition, Pisauro and Hebert filed exceptions of no right and/or no cause of action based upon precarious possession under La.Civ.Code art. 3347, *et seq*. In the alternative, Pisauro and Hebert asserted an exception of prescription based on the allegation that suit was not filed until more than one year after the satellite dish was installed.

A hearing on the exceptions was held on September 24, 2018. On October 12, 2018, the trial court signed a judgment which denied the exceptions of no right

and/or no cause of action and stated that the court was taking the exception of prescription under advisement. On October 11, 2018, however, the trial court made a minute entry that sustained the exception of prescription. On November 8, 2018, the trial court signed a judgment that stated, in pertinent part, as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Exception of Prescription is SUSTAINED with regard to the possessory action as it relates to the installation of the satellite dish.

Caffery filed a motion for devolutive appeal. When the record was received by this court, it was discovered that the judgment lacked proper decretal language. *Gonzalez v. Jimmerson*, 17-972 (La.App. 3 Cir. 12/6/17), 258 So.3d 8. After the appellate briefs were filed, this court ordered Caffery to show cause why the appeal should not be dismissed.[1]

In response to the rule, Caffery prays that his appeal not be dismissed and avers that the judgment specifically declares that the exception of prescription is sustained as to the possessory action arising from the installation of the satellite dish and that the judgment's caption confirms that there are only three parties to the litigation such that, on its face, the judgment indicates that Caffery is the party against whom the judgment is decreed. Caffery's argument, however, does not address the fact that the judgment does not state whether any or all of Caffery's claims are dismissed. It does grant the exception of prescription with respect to the possessory action arising from the installation of the satellite, but from the face of the judgment, it is not evident whether this is the only claim asserted by Caffery or merely one of several claims. That determination must be made by reference to the

---

[1] This court has "the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Gabriel v. Delta Air Lines, Inc.*, 16-210, p. 2 (La.App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185. Unless the appellate court's jurisdiction "is properly invoked by a valid final judgment[,]" it cannot determine the merits of an appeal. *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910.

2

pleadings. "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Tech., Inc.*, 10-477, p. 13 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 916. *See also Perkins v. BBRC Invs., LLC*, 14-298 (La.App. 1 Cir. 10/17/14), 205 So.3d 930.

Additionally, if only one of several claims asserted by Caffery is dismissed by the granting of this exception of prescription, then the judgment is a partial final judgment under La.Code Civ.P. art. 1915(B) and must be designated as a final judgment in order to be subject to an immediate appeal.[2] The judgment at issue does not contain a designation of finality.

Consequently, this court finds that it lacks jurisdiction to consider the merits of the appeal.

**DECREE**

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from a judgment that lacks proper decretal language and that has not been designated as a final judgment. This appeal is dismissed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**APPEAL DISMISSED. REMANDED FOR FURTHER PROCEEDINGS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

---

[2] In this case, Caffery filed a motion for a devolutive appeal on January 7, 2018. Notice of judgment issued on November 15, 2018. Therefore, this court cannot convert the appeal to an application for supervisory review because it was not filed within the thirty-day period pertinent to applications for supervisory writs. *See Duckering v. Rapides Healthcare Sys.*, LLC, 15-049 (La.App. 3 Cir. 3/2/16), 187 So.3d 548, *and Favrot v. Favrot*, 10-986 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, *writ denied*, 11-636 (La. 5/6/11), 62 So.3d 127.