JOHN BREWSTER OHLE, III     *      NO. 2023-CA-0501

VERSUS                  *

                          COURT OF APPEAL

HUGH A. UHALT,          *

INDIVIDUALLY, AND         FOURTH CIRCUIT

ECETRA N. AMES, THROUGH   *

HER DULY APPOINTED        STATE OF LOUISIANA

LEGAL GUARDIAN, HUGH A.   * * * * * * *

UHALT

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06481, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Nakisha Ervin-Knott)

Corey E. Dunbar
PIVACH, PIVACH, HUFFT & THRIFFILEY & DUNBAR L.L.C.
8311 Highway 23, Suite 104
Belle Chasse, LA 70037

     COUNSEL FOR PLAINTIFF/APPELLANT


Stephen H. Kupperman
Janelle E. Sharer
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER
909 Poydras Street, Suite 2350
New Orleans, LA 70131

     COUNSEL FOR DEFENDANT/APPELLEE

     **MOTION TO DISMISS GRANTED; APPEAL DISMISSED**
     **JANUARY 10, 2024**

This is the second appeal by the same party—John Brewster Ohle, III ("Mr. Ohle")—from the same trial court judgment—the June 2, 2023 amended judgment. In the first appeal, this Court affirmed the June 2, 2023 amended judgment. *Ohle v. Uhalt*, 22-0818 (La. App. 4 Cir. 7/6/23), 370 So.3d 1088 ("*Ohle I*"). While the first appeal was pending, Mr. Ohle filed the second appeal, seeking review of the same judgment. In response, appellee—Hugh Uhalt ("Mr. Uhalt")[1]—filed a motion to dismiss. For the following reasons, we grant Mr. Uhalt's motion and dismiss Mr. Ohle's appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case are set forth in *Ohle I*.[2] Simply stated, this is a damages suit in which plaintiff—Mr. Ohle—asserts malicious prosecution and unjust enrichment claims against two defendants—Mr. Uhalt, individually; and his

_____

[1] Stephen H. Kupperman, appearing solely in his limited capacity as the court-appointed curator ad hoc for Mr. Uhalt, is the party who filed the appellee brief as well as the motion to dismiss the appeal. For ease of discussion, we refer in this opinion to Mr. Uhalt as the appellee.

[2] Given our holding that the jurisdictional issues presented are dispositive, a recitation of the underlying facts is unnecessary.

1

mother, Ecetra Ames, through her duly appointed legal guardian, Mr. Uhalt. The trial court granted Mr. Ohle's motion to appoint Mr. Kupperman, an attorney, as curator ad hoc for both defendants. Thereafter, Mr. Kupperman, in his capacity as curator, filed a declinatory exception of lack of personal jurisdiction over Mr. Uhalt in his individual capacity.[3] Following a hearing, the trial court took the matter under advisement.

On August 18, 2022, the trial court rendered a written judgment sustaining the personal jurisdiction exception. In so doing, the trial court also issued written reasons for judgment, observing that "in the Petition itself, Mr. Ohle pleads that Mr. Uhalt is now domiciled in Colorado" and that "all of the alleged acts of wrongdoing by Mr. Uhalt within the State of Louisiana were taken in his capacity as guardian for Mrs. Ames—not by him individually."[4] From that judgment, Mr. Ohle appealed.

In his appellate brief in the first appeal, Mr. Ohle assigned as error the trial court's "issuing a judgment which does not contain decretal language regarding the trial court's granting of the declinatory exceptions of lack of personal jurisdiction." (the "Decretal Issue"). Addressing the Decretal Issue, Mr. Ohle disputed whether the August 18, 2022 judgment was a final judgment due to the lack of decretal language; he posed the following two alternative questions: (1) "Are the claims dismissed?" and (2) "Can [Mr.] Ohle amend?"

_____

[3] Mr. Kupperman also filed a declinatory exception of insufficient service of process, which the trial court denied. That exception is not at issue.

[4] Ohle filed a motion for new trial, which the trial court denied.

This Court found there was a decretal-language deficiency in the judgment—the trial court's failure to name the relief that was granted.[5] Seeking to cure the decretal-language deficiency, this Court, on June 1, 2023, issued the following order:

> **IT IS HEREBY ORDERED** that this matter shall be remanded to the trial court with instructions to sign a judgment containing proper decretal language, including whether its August 18, 2022 judgment dismisses with or without prejudice John Brewster Ohle, III's claims against Hugh A. Uhalt pursuant to La. C.C.P. art. 1918 within fifteen (15) days of the date of this Order.
>
> **IT IS FURTHER ORDERED** that this matter is STAYED pending supplementation of the judgment. Upon supplementation, the stay will be lifted, requiring no further action for the Court.

On the following day, the trial court issued an amended judgment. The Judgment stated that "[g]iven the provisions of La. C.C.P. article 932, a Declinatory Exception of Lack of Jurisdiction is without prejudice."[6] Adding the missing decretal language, the trial court amended the judgment to provide that there be judgment in Mr. Uhalt's favor and against Mr. Ohle "granting Defendant's

_____

[5] Decretal language, as a general matter, means "the portion of a court's judgment or order that officially states ('decrees') what the court is ordering" and generally starts with "the formula 'It is hereby ordered, adjudged, and decreed that ....'" *Jones v. Stewart*, 16-0329, p. 5 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 387 (internal quotations and citation omitted). The more specific meaning of decretal language, in this context of a decretal-language problem (a term defined elsewhere in this opinion), is that the judgment "must name [i] the party in favor of whom the ruling is ordered, [ii] the party against whom the ruling is ordered, and [iii] the relief that is granted or denied." *Simon v. Ferguson*, 18-0826, p. 4 (La. App. 1 Cir. 2/28/19), 274 So.3d 10, 13 (citation omitted). The Legislature, in 2021, codified these requirements for decretal language in La. C.C.P. art. 1918(A), which now provides that "[a] final judgment in accordance with Article 1841 shall be identified as such by appropriate language; shall be signed and dated; and shall, in its decree, [i] identify the name of the party in whose favor the relief is awarded, [ii] the name of the party against whom the relief is awarded; and [iii] the relief that is awarded." The decretal-language problem and the 2021 legislation enacted to address the problem are discussed elsewhere in this opinion.

[6] La. C.C.P. art. 932 provides that "[w]hen the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court . . .

Exception of Personal Jurisdiction and dismissing Plaintiff's claims against this Defendant individually without prejudice." The appellate record was supplemented with the amended judgment, and the first appeal proceeded.

One month later, this Court issued an opinion in the first appeal "affirm[ing] the trial court's [amended] judgment granting the declinatory exception of lack of personal jurisdiction and dismissing Mr. Ohle's claims against Mr. Uhalt, individually, without prejudice." *Ohle I*, 22-0818, p. 11, 370 So.3d at 1095.

In the interim—after the amended judgment was rendered but before the *Ohle I* opinion was handed down—Mr. Ohle filed a motion for devolutive appeal from the amended judgment. In that motion, Mr. Ohle detailed the procedural background of this case, set forth elsewhere in this opinion. The trial court granted the motion and issued an order for appeal. This appeal followed.[7]

**DISCUSSION**

An appellate court has a duty to determine—even if the parties do not raise the issue—whether it has subject matter jurisdiction to entertain an appeal. *See Moulton v. Stewart Enters., Inc.*, 17-0243, 17-0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citation omitted). Here, Mr. Uhalt raised the issue by filing a motion to dismiss. This motion was deferred to this panel, as the merits panel, to decide. According to Mr. Uhalt, the instant appeal seeks review of the same June 2,

---

[7] The record in this appeal consists only of the following three documents:

- June 1, 2023 order of this Court to the trial court to correct the decretal issue;

- June 2, 2023 amended judgment of trial court issued pursuant to the June 1, 2023 Order; and

- June 12, 2023 motion for devolutive appeal from the amended judgment.

4

2023 amended judgment that this Court affirmed in *Ohle I*; thus, this appeal should be dismissed as moot.

Mr. Ohle counters that he raises an issue in this appeal that he could not have raised in the first appeal. The new issue, according to Mr. Ohle, is whether the trial court, in the amended judgment, erred in failing to grant him leave to amend to cure the lack of personal jurisdiction. He contends that he was entitled to such relief based on La. C.C.P. art. 932. Mr. Ohle's contention is belied by his prior pleadings. Mr. Ohle not only could, but also did raise the issue of leave to amend in his appellant brief in the first appeal. As mentioned elsewhere in this opinion, Mr. Ohle raised the amendment issue as part of the Decretal Issue.[8] The amendment issue is not a new issue.

We frame the dispositive issue here as two-fold: (i) whether, as Mr. Uhalt contends, the appeal is moot; and (ii) whether, as this Court notices on its own motion, the trial court lacked jurisdiction to grant the order for appeal from the amended judgment, rendering that order null. We address the order of appeal issue first.

*Invalidity of Order of Appeal*

"An order of appeal is jurisdictional, and this lack of jurisdiction can be noticed by the court on its own motion at any time." *Maymar Engineers & Contractors, L.L.C. v. City of New Orleans*, 22-0567, p. 2 (La. App. 4 Cir. 4/11/23), 360 So.3d 149, 151, *writ denied*, 23-00673 (La. 9/19/23), 370 So.3d 467 (citation omitted). A trial court's jurisdiction over matters on appeal is governed by La. C.C.P. art. 2088, which sets forth the following general rule that "[t]he

---

[8] Mr. Ohle also raised the issue of leave to amend in his prior supervisory writ application in this Court and in his motion for new trial in the trial court.

jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the . . . granting of the order of appeal, in the case of a devolutive appeal." La. C.C.P. art. 2088(A). This article further provides that "the trial court has [continuing] jurisdiction in the case only over those matters not reviewable under the appeal . . ." *Id.* A non-exclusive "list of these nonreviewable matters appears in Article 2088(A)." Roger A. Stetter, *Overview of Jurisdiction—Continuing Jurisdiction*, LA. PRAC. CIV. APP. § 5:13 (2023). This list includes ministerial matters, such as correcting misstatements of the trial record, extending the return date, and granting appeals to other parties. But this list does not include the granting of a second appeal by the same party from the same judgment.[9]

Act 259 of the 2021 Regular Legislative Session amended La. C.C.P. art. 2088(A) to provide that the trial court has continuing jurisdiction after an order of appeal is signed to issue an amended judgment with proper decretal language (the "2021 Legislation").[10] The purpose of the 2021 Legislation was to reverse "the recent practice of the Court of Appeal to dismiss appeals when final judgments do not contain proper decretal language." Roger A. Stetter, *Final Judgments— Decretal Language*, LA. PRAC. CIV. APP. § 3:15 (2023). In this opinion, we label this practice of dismissing appeals as the "decretal-language problem." *See St.*

---

[9] *See Ice v. Dry Klean Carpet Maint. Co.,* 03-0525, p. 4 (La. App. 4 Cir. 12/3/03), 863 So.2d 596, 598 (observing that ["t]he trial court does not have jurisdiction to sign a 'supplemental' motion for appeal"); *see also Pomeroy v. Elder*, 22 La. Ann. 518, 518 (1870) (dismissing second appeal in same case and holding that when the trial court grants an appeal and that appeal "is still pending in this court, the court below was without jurisdiction to grant an appeal").

[10] The 2021 Legislation also amended two other articles—La. C.C.P. arts. 1918 and 1951. The definition of decretal language is addressed elsewhere in this opinion. The Legislature, in the 2021 Legislation, codified the jurisprudential requirements for proper decretal language in La. C.C.P. art. 1918(A).

*Romain v. Delta S. Co.*, 20-1252, p. 7, n.9 (La. App. 1 Cir. 6/16/21), 328 So.3d 460, 465 (labeling the decretal-language problem as a "legal quagmire").[11]

The decretal-language problem was the result of a jurisdictional quandary. The problem resulted from the transfer of jurisdiction upon the issuance of an order of appeal from the trial court to the appellate court. At that juncture, according to the pre-2021 Legislation case law, neither the trial court, nor the appellate court had jurisdiction to correct a decretal-language deficiency in an otherwise final judgment. *St. Romain*, 20-1252, p. 8, 328 So.3d at 464-65. Once the notice of appeal was signed, the trial court lacked jurisdiction to amend the judgment to correct the deficiency. Likewise, the appellate courts often held that they lacked jurisdiction over the same judgment because the decretal-language deficiency meant there was no final, appealable judgment. *Id.* The decretal-language problem, thus, was the practice of appellate courts to dismiss the appeal when presented with this jurisdictional quandary. Thereafter, the parties could obtain from the trial court a new judgment. From the new judgment, the parties could file a new appeal. *See St. Romain v. Delta S. Co.,* 22-0111, p. 2, n.1 (La. App. 1 Cir. 9/22/22), 353 So.3d

---

[11] Addressing the decretal-language problem, the appellate court in *St. Romain* observed:

> The more reasoned approach would be to follow the rationale of the Louisiana Supreme Court case, *In re Interdiction of Gambino*, 2020-00312 (La. 6/3/20), 296 So.3d 1046 (*per curiam*), wherein the Supreme Court held *"[i]n the interest of justice and judicial economy, the court of appeal is directed to supplement the record with the district court's [judgment] and to consider [the] appeal on the merits."* In *Gambino*, the trial court issued an order after the subject judgments and orders of appeal were signed, designating the judgment as final under La. C.C.P. art. 1915(B). If we were to follow *Gambino*, this Court would not have to dismiss this appeal, but could consider the amended judgment and render a decision on the merits.

*St. Romain*, 20-1252, p. 7, n.9, 328 So.3d at 465. The Louisiana Legislature, in the 2021 Legislation, codified the holding in *Gambino* in La. C.C.P. art. 2088(A)(11) and extended the holding in *Gambino* to decretal-language deficiencies in La. C.C.P. art. 2088(A)(12). Roger A. Stetter, *Final Judgments—Decretal Language*, LA. PRAC. CIV. APP. § 3:15 (2023).

778, 781, *writ denied*, 22-01569 (La. 4/25/23), 359 So.3d 980 (observing that "[t]his is the second appeal regarding this matter, because we dismissed the first appeal for lack of appellate jurisdiction); *see also Smith v. State, Dep't of Transp. & Dev.*, 15-0962, p. 2 (La. App. 4 Cir. 2/17/16), 186 So.3d 1180 (dismissing appeal and observing that "[o]nce a final appealable judgment is rendered, a new appeal may be filed with this Court").

Addressing the decretal-language problem, the Legislature, in the 2021 Legislation, created a new procedural mechanism. Under the new mechanism, the appellate court—when faced with an otherwise final judgment with a decretal-language deficiency—is mandated not to dismiss the appeal. Rather, an appellate court is mandated to take three steps: (i) to retain jurisdiction; (ii) to order the trial court to supplement the record with an amended judgment; and (iii) to render a decision on the merits once the record is supplemented. *See U.S. Bank Nat'l Ass'n as Tr. for RFMSI 2005S7 v. Dumas*, 21-0585, pp. 4-5 (La. App. 1 Cir. 12/22/21), 340 So.3d 246, 249 (observing that "the appellate court, while retaining appellate jurisdiction over a final judgment that lacks proper decretal language, shall remand the matter to the district court for correction of deficiencies in decretal language").

The Legislature created this new mechanism by amending a trio of articles—La. C.C.P. arts. 1918, 1951, and 2088; the Legislature made the following changes to the three articles:

- La. C.C.P. art. 1918(A): Amended to provide that "[i]f appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court";[12]

---

[12] As noted elsewhere in this opinion, La. C.C.P. art. 1918 also was amended to codify the jurisprudential requirements for proper decretal language. The official comments to La. C.C.P. art. 1918 indicate that "[a] lack of proper decretal language in a judgment that is otherwise a final judgment does not divest the appellate court of jurisdiction. Instead, the final judgment shall be

8

- La. C.C.P. art. 1951: Amended to provide that "[o]n motion of the court or any party, a final judgment may be amended at any time . . . to correct deficiencies in the decretal language" but providing that "[t]his Article does not allow the court to make a substantive change to a final judgment";[13] and

- La. C.C.P. art. 2088(A): Amended to provide that after the granting of an order of appeal, "the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to do any of the following: . . . (12) Amend a judgment to provide proper decretal language under Article 1918 or 1951."[14]

Under the pre-2021 Legislation case law, this Court could not have proceeded with the first appeal given the decretal-language deficiency; the first appeal would have been dismissed. The decision in *Ohle I*, on the merits, would not have been rendered.

In contrast, under the 2021 Legislation, this Court was mandated to take the following three steps: (i) retain jurisdiction over the first appeal; (ii) remand for the trial court to correct the decretal-language deficiency; and (iii) proceed with the appeal upon the supplementation of the record with the amended, corrected judgement. This Court took all three steps and rendered a final decision on the merits in *Ohle I* on July 6, 2023.[15] The decretal-language deficiency in the August 18, 2022 judgment was corrected by the trial court's issuance of the June 2, 2023 amended judgment. The amended judgment sustained Mr. Uhalt's

_____

corrected to include proper decretal language by an amendment in accordance with Article 1951." Comments—2021(a) to LSA-C.C.P. art. 1918.

[13] The official comments to La. C.C.P. art. 1951 indicate that "[t]he amendments to this Article and Article 2088 allow the trial court to retain jurisdiction to correct, on its own motion or after remand from the appellate court, the lack of proper decretal language in a final judgment." Comments—2021 to LSA-C.C.P. art. 1951.

[14] As discussed elsewhere in this opinion, La. C.C.P. art. 2088(A) also was amended to codify the holding in *Gambino* by adding La. C.C.P. art. 2088(A)(11).

[15] Invoking the new procedural mechanism, this Court, on June 1, 2023, issued an order to the trial court to amend the judgment to cure the decretal-language deficiency.

declinatory exception of lack of personal jurisdiction and provided that Mr. Ohle's claims against Mr. Uhalt individually were dismissed without prejudice.

Pursuant to La. C.C.P. art. 2088(A)(12), the trial court had continuing jurisdiction to correct the deficiency by issuing an amended judgment. The question presented here, however, is whether the trial court had jurisdiction to issue an order of appeal from the amended judgment. The following time line establishes that the trial court lacked jurisdiction to grant an order of appeal from the amended judgment:

- August 18, 2022—The trial court issued a written judgment, granting Mr. Uhalt's declinatory exception of lack of personal jurisdiction;

- October 24, 2022—The trial court granted Mr. Ohle's motion for devolutive appeal and issued an order of appeal;

- June 1, 2023—This Court issued an order directing the trial court to issue an amended judgment with proper decretal language pursuant to La. C.C.P. art. 1918 on the exception of lack of personal jurisdiction;

- June 2, 2023—The trial court issued an amended judgment, and the record on appeal was supplemented with the amended judgment;

- June 12, 2023—Mr. Ohle filed a motion for appeal from the June 2, 2023 amended judgment;

- June 14, 2023—The trial court granted the motion and signed the order for appeal from the June 2, 2023 amended judgment; and

- July 6, 2023—This Court, in *Ohle I*, affirmed the trial court's amended judgment.

When the trial court signed the order for appeal from the June 2, 2023 amended judgment, its jurisdiction was limited because of the pending, first appeal. Under La. C.C.P. art. 2088, the general rule is that a trial court's jurisdiction is divested upon the granting of the appeal. This article also contains a list of specified exceptions that, as amended by the 2021 Legislation, includes correcting decretal-language deficiencies. *See* La. C.C.P. art. 2088(A)(12). But, as

10

noted elsewhere in this opinion, the list of exceptions does not include granting a second appeal by the same party from the same judgment.

Moreover, an amended judgment issued to cure a decretal-language deficiency, by definition, does not make a substantive change in the judgment. Indeed, La. C.C.P. art. 1951, as amended by the 2021 Legislation, provides that a substantive change in the judgment is not permitted. Such an amended judgment is not intended to be a substantively new judgment from which a new appeal can be taken. To the contrary, the legislative intent behind the 2021 Legislation was to avoid the judicial inefficiency of a second appeal due to a decretal-language deficiency.[16]

For these reasons, we hold that the trial court lacked jurisdiction to grant the motion for appeal from the June 2, 2023 amended judgment. Given that the trial court lacked jurisdiction to issue the order of appeal, this Court lacks jurisdiction over this appeal.

*Moot Second Appeal*

As noted elsewhere in this opinion, Mr. Uhalt contends, in his motion to dismiss, that the appeal is moot because it seeks review of the same amended judgment that this Court affirmed in *Ohle I*. We agree. Explaining the meaning of a "moot" appeal, this Court in *Fid. Bank v. Dowden*, 20-0241, p. 6 (La. App. 4 Cir. 10/7/20), 365 So.3d 521, 525, observed:

> When all of the legal controversies arising from a judgment become moot, an appellate court effectively lacks jurisdiction as there is no subject matter on which the judgment can operate. The justiciable

---

[16] *See Gambino*, 20-00312, p. 1, 296 So.3d at 1046 (holding "[i]n the interest of justice and judicial economy, the court of appeal is directed to supplement the record with the district court's December 19, 2019 order [certifying the judgment as final] and to consider relators' appeal on the merits"). As noted elsewhere in this opinion, the Legislature, in the 2021 Legislation codified the holding in *Gambino* in La. C.C.P. art. 2088(A)(11) and extended the *Gambino* holding to correcting decretal-language deficiencies in La. C.C.P. art. 2088(A)(12).

controversy must normally exist at every stage of the proceeding, including appellate stages. Any judicial pronouncement after the controversy lapses is an impermissible advisory opinion. An appellate court may order the dismissal of a matter on its own motion as a matter of judicial economy when the issues presented in the matter have become moot.

*Id.* (internal quotations and citations omitted). Mr. Uhalt filed a motion to dismiss on this ground. We find his argument persuasive.

An appeal is moot "when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect." *Bernadas v. Palmer*, 22-0758, p. 5 (La. App. 4 Cir. 4/19/23), 360 So.3d 620, 625 (internal quotations and citations omitted). Such is the case here. Mr. Ohle is attempting to appeal the same amended judgment that this Court affirmed in *Ohle I*. Hence, the appeal is moot.

## DECREE

For the foregoing reasons, the motion to dismiss is granted; the appeal is dismissed.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED**